IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RICHARD CRAWFORD,                                                                                         PLAINTIFF
#179557

v.                                                  4:23CV00106-BRW-JTK

LEMON, et al.                                                                                            DEFENDANTS

**ORDER**

Richard Crawford ("Plaintiff") is in custody at the Pulaski County Detention Center. He filed a pro se complaint pursuant to 42 U.S.C. § 1983 and a Motion to Proceed In Forma Pauperis, which the Court addresses in a separate Order. (Doc. Nos. 1, 4). The Court will now screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA").

**I.      Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must

give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II. Facts and Analysis

Plaintiff sued Pulaski County Detention Center Officers Lemon and Smith in their personal and official capacities. (Doc. No. 1 at 1-2). Plaintiff's statement of claim reads:

> On 2/25/2023, 7a.m. – 3 p.m. shift, I had put in a medical request to see the doctor and Officer Lemon refused to take me to medical because I didn't have a mask. The mask sanction is no longer in effect in this state for Covid 19. When I came to this jail they didn't give me a mask and I told Officer Lemon this, and he said I couldn't go without a mask, and I asked are you refusing me medical treatment and he said 'yes.' Officer Smith said that's messed up. They still charged me for the medical call $5.00. I am a diabetic and have seizures. My blood sugar has been spiking real bad and have already been to the hospital for having seizures. It affects me + my health, due to diabetes and seizures. It is inadequate health care for inmates.

(Id. at 4).

Plaintiff seeks damages and injunctive relief. (Id. at 5).

As explained below, Plaintiff's Complaint as currently pled fails to state a claim on which relief may be granted.

### A. Official Capacity Claims

Plaintiff sued Defendants in their personal and official capacities seeking damages only. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Plaintiff's claims against Defendants are the equivalent of claims against Pulaski County.

To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional

injury.  Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989).  Plaintiff has not alleged that a policy or custom was the driving force behind the alleged violation of his rights.  As such, Plaintiff cannot establish liability against Pulaski County.

       **B.**      **Personal Capacity Claims**

Plaintiff brought suit under 42 U.S.C. § 1983.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  See Iqbal, 556 U.S. at 678.

       **1.**      **Deliberate Indifference to Serious Medical Needs**

Plaintiff identified himself as a pretrial detainee.  (Doc. No. 1 at 3).  Prison officials violate a pretrial detainee's rights under the Due Process Clause of the Fourteenth Amendment when they show deliberate indifference to his serious medical needs.  Ivey v. Audrain County, Missouri, 968 F.3d 845, 848 (8th Cir. 2020).  To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need.  East v. Minnehaha Cty., 986 F.3d 816, 820 (8th Cir. 2021).  Stating that a Defendant had "actual knowledge" of a serious medical need, without pleading additional facts to support the conclusory statement, is insufficient to state a deliberate indifference to serious medical needs claim.  Id.  "Deliberate

indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "Mere negligence is not sufficient to support a cause of action under § 1983." Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

Plaintiff asserts that Defendant Lemon was deliberately indifferent to Plaintiff's serious medical needs because Defendant Lemon would not take Plaintiff to medical when Plaintiff was not wearing a mask. (Doc. No. 1 at 4). Plaintiff also says he suffers from diabetes and seizures. (Id.). But nothing in the record indicates Defendant Lemon was aware of Plaintiff's medical issues. And it is not clear whether Plaintiff was going to see medical on February 5, 2023 in connection with his diabetes and seizures or for some other reason. Without establishing that Defendant Lemon had knowledge of Plaintiff's serious medical needs, Plaintiff cannot demonstrate that Defendant Lemon was deliberately indifferent to those needs. The same holds true for Defendant Smith.

### 2.  Charges for Medical Care

Plaintiff claims he was wrongly charged $5.00 for medical care on February 5, 2023 when he never saw a doctor that day. (Doc. No. 1 at 4).

An inmate may be required to pay for medical expenses when he can afford it. Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). Plaintiff has not alleged that he cannot afford the charges for medical care, or that he is being denied medical care because he is indigent.

To the extent Plaintiff complains about the $5.00 charge in an effort to get his money back, that claim fails. In Hudson v. Palmer, the United States Supreme Court held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the

4

procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." 468 U.S. 517, 533 (1984). The Court of Appeals for the Eighth Circuit has recognized Arkansas's post-deprivation remedies for inmates asserting the wrongful taking of personal property: conversion and a motion under the Arkansas Rules of Criminal Procedure. Butler v. Smith, 208 F.3d 217 (8th Cir. 2000) (unpublished). "Conversion is a common-law tort action for the wrongful possession or disposition of another's property." Hartness v. Nuckles, 2015 Ark. 444, 9 (2015) (internal citations omitted). To state a conversion claim, a plaintiff must establish that "the defendant wrongfully committed a distinct act of dominion over the property of another, which is a denial of or is inconsistent with the owner's rights." Id.

Plaintiff's allegation that he was wrongfully charged for medical care could be brought as a conversion claim. As such, that claim cannot proceed under 42 U.S.C. § 1983.

    **C.**    **Superseding Amended Complaint**

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[1] Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name as a Defendant each party he believes deprived him of his constitutional rights and whom he wishes to sue**

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

**in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible;   3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each Defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I will recommend that his Original Complaint be dismissed.   See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

### III.   Conclusion

IT IS, THEREFORE, ORDERED that:

1.   If Plaintiff wishes to submit an Amended Complaint for the Court's review, he shall file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order.   If Plaintiff does not submit an Amended Complaint, I will recommend that his Original Complaint be dismissed.   See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

2.   The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 28th day of February, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE